# NO. 12-20-00073-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***BRYAN SCOTT EDDINGTON, APPELLANT*** | § | *APPEAL FROM THE 114TH* |
| ***V.*** | § | *JUDICIAL DISTRICT COURT* |
| ***THE STATE OF TEXAS, APPELLEE*** | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Bryan Scott Eddington appeals his conviction for prohibited substance in a correctional facility. Appellant's former counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief. We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of prohibited substance in a correctional facility by intentionally or knowingly taking a controlled substance, namely, dihydrocodeinone, into the Smith County Jail, a correctional facility, a third degree felony.[1] The indictment also charged Appellant with intentionally or knowingly possessing a controlled substance, dihydrocodeinone, while in the Smith County Jail, a correctional facility, a third degree felony.[2] Finally, the indictment included one felony enhancement paragraph.[3]

---

[1] *See* TEX. PENAL CODE ANN. § 38.11 (c), (g) (West Supp. 2020).

[2] *See id*. § 38.11 (d), (g) (West Supp. 2020).

[3] Section 12.42(a) provides that if it is shown on the trial of a third degree felony that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction, the defendant shall be punished for a second degree felony. *See id*. § 12.42 (a) (West 2019)

Appellant pleaded "guilty" to the offense charged in the indictment, and pleaded "true" to the enhancement paragraph. Appellant and his counsel signed various documents in connection with his guilty plea, including an agreed punishment recommendation and a stipulation of evidence in which he stipulated, and judicially confessed, that each and every allegation in the indictment was true and correct, and constituted the evidence in the case. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, found the enhancement paragraph to be "true," adjudged Appellant guilty of the charged offense, and sentenced Appellant to ten years of imprisonment. However, in accordance with the terms of the plea bargain, the trial court ordered that Appellant's sentence be suspended and that Appellant be placed on community supervision for ten years.

Later, the State filed a motion to revoke Appellant's community supervision, alleging that Appellant violated the terms of his community supervision including failing to pay the urinalysis monthly service for four months, notify the supervision officer of his change of employment within three days, and pay the $60.00 per month supervision fee for five months. At the revocation hearing, Appellant pleaded "true" to all the State's allegations. After the revocation hearing, the trial court found all of the State's allegations to be "true," granted the State's motion to revoke community supervision, revoked Appellant's community supervision, and assessed Appellant's punishment at ten years of imprisonment.[4] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's former counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[5]

---

[4] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years, and a fine not to exceed $10,000.00. *Id*. § 12.33 (West 2019).

[5] In compliance with *Kelly v. State*, Appellant's former counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se

Appellant filed a pro se response, arguing that his community supervision should not have been revoked and his punishment was too high. He argues that the community supervision in Smith County was "designed" in a manner to receive maximum revenue but that the odds of a person completing his supervision is "astronomically" low. According to Appellant, he never had a "major" violation of his community supervision, only a few minor "technical" violations, i.e., fees, and at one time, could have received early release from his community supervision. He also argues that his punishment was "ridiculously" high, and that it is unfair, unjust, and unethical considering his criminal and family history. We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

Appellant's former counsel, having taken office as a judge of the 114th District Court of Smith County on January 1, 2021, filed a motion to withdraw and a request that this Court remand this case to the trial court for the purpose of appointing new counsel for Appellant. We granted former counsel's request and remanded this cause to the trial court to appoint new counsel to represent Appellant. The trial court appointed new counsel to represent Appellant on December 15, 2020. As of this opinion, Appellant's new counsel has not filed any additional briefing, a motion to withdraw, or any other motions. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App.19991). We *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Appellant's new appointed counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must file a petition for discretionary review, either through counsel or pro se. *See In re Schulman*, 252 S.W.3d at 408 n. 22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P.

---

response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief.

68.2(a).  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered March 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2021**

**NO. 12-20-00073-CR**

**BRYAN SCOTT EDDINGTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0615-11)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J,. and Neeley, J.*